IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BERNARD MOSES TAYLOR, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No.13-1016-RGA |
| | : | |
| PHILLIP MORGAN, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## **MEMORANDUM OPINION**

Bernard Moses Taylor. *Pro se* Petitioner.

Scott Goodwin, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

June __11__, 2014

*Richard G. Andrews*

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Bernard Moses Taylor ("Petitioner") was incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware when he filed the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") presently pending before the Court.[1] (D.I. 2)  The State filed an Answer in opposition, contending that the Petition should be denied in its entirety as second or successive.  Alternatively, the State contends that the Petition should be denied because one claim is not cognizable on habeas review, one claim is procedurally barred, and two claims are second or successive.  (D.I. 13)  For the reasons discussed, the Court will dismiss the Petition for lack of jurisdiction because it is an unauthorized second or successive petition for habeas relief.

I.      **BACKGROUND**

In 1986, Petitioner was convicted of first degree robbery, second degree burglary (as a lesser included offense of first degree burglary), possession of a deadly weapon during the commission of a felony ("PDWDF"), first degree kidnapping, and first degree conspiracy.  (D.I. 13 at 2)  In post-trial proceedings, the Superior Court reduced Petitioner's kidnapping and conspiracy convictions to the second degree level.  *See State v. Taylor*, 1988 WL 77766 (Del. Super. Ct. June 21, 1988).  On July 1, 1988, the Superior Court sentenced Petitioner to a total of thirty years of incarceration consecutive to the sentence he was serving in Maryland.  (D.I. 15, *State v. Moses*, ID No. 84001657(R-3), Letter Order, J. Graves (Del. Super. Ct. May 16, 2013))

---

[1]Even though Petitioner has been released from prison, the "in custody" requirement of § 2254 is satisfied because he was incarcerated when he filed the instant Petition. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(explaining that the issue as to whether a petitioner is "in custody" under the challenged conviction, thus affording jurisdiction to the reviewing federal habeas court, is determined as of the date the petition is filed.).

The Delaware Supreme Court affirmed Petitioner's conviction on appeal. *See Taylor v. State*, 567 A.2d 424 (Table), 1989 WL 149570, at *1 (Del. Nov. 16, 1989).

Petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") in August 1988; that motion was held in abeyance pending disposition of his direct appeal. *See State v. Taylor*, 1991 WL 35788 (Del. Super. Ct. Feb. 26, 1991). Petitioner filed his second Rule 61 motion in February 1990. *Id.* The Superior Court consolidated the Rule 61 motions and considered them together. (D.I. 15, *State v. Taylor*, ID No. 84001657(R-3), Letter Order, J. Graves, at 3 n.5 (Del. Super. Ct. May 16, 2013)). In February 1991, the Superior Court granted the consolidated Rule 61 motion in part, vacating Petitioner's PDWDCF conviction and ordering resentencing on the first degree robbery conviction. *See Taylor*, 1991 WL 35788 at *2. The Superior Court resentenced Petitioner to twenty-eight years of incarceration on March 12, 1991, and the Delaware Supreme Court affirmed that decision. *See Taylor v. State*, 599 A.2d 414 (Table), 1991 WL 165552 (Del. Aug. 12, 1991). Petitioner filed a third Rule 61 motion in February 1992, which the Superior Court denied. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry Nos. 113, 114, 125). The Delaware Supreme Court affirmed that decision. *See Taylor v. State*, 620 A.2d 859 (Table), 1992 WL 404268 (Del. Dec. 17, 1992).

On August 11, 1995, Petitioner filed a petition for federal habeas relief. *See Taylor v. Watson*, Civ. A. No. 95-645-RRM. The Honorable Roderick R. McKelvie denied the Petition, and the Third Circuit Court of Appeals affirmed that decision. *See Taylor*, Civ. A. No. 95-645-RRM, Mem. Op. & Order (D. Del. Feb. 4, 1998); *Taylor v. Watson*, 216 F.3d 1077 (Table) (3d Cir. May 19, 2000). The Third Circuit denied Petitioner's petition for rehearing *en banc*. *See*

*Taylor v. Watson*, No.98-7186, Order, C.J. Becker (3d Cir. July 19, 2000). The United States

Supreme Court denied Petitioner's petition for a writ of certiorari on November 27, 2000. *See*

*Taylor v. Watson*, 531 U.S. 1023 (2000).

Petitioner was conditionally released on June 17, 2005. (D.I. 13, Ex. B) On March 28,

2013, the Delaware Board of Parole issued a warrant to retake Petitioner for violating the terms

of his release. *Id.* Petitioner filed a Rule 61 motion on May 13, 2013, which the Superior Court

dismissed as procedurally barred on May 16, 2013. (D.I. 15, *State v. Taylor,* ID No.

84001657(R-3), Letter Order, J. Graves (Del. Super. Ct. May 16, 2013))

Petitioner filed the instant Petition on June 6, 2013. (D.I. 2) On June 18, 2013, the Board

of Parole found Petitioner guilty of violating the terms of his conditional release and restored the

balance of his sentence. (D.I. 13, Ex. C) However, after due consideration, the Board of Parole

decided to re-release Petitioner to "Level III supervision through the interstate compact to

Maryland." *Id.* Petitioner appealed, and the Delaware Supreme Court dismissed his appeal on

August 28, 2013 for failure to prosecute. *See Taylor v. State*, 74 A.3d 655 (Table), 2013 WL

4613869 (Del. Aug. 28, 2013).

Petitioner was released from the Howard R. Young Correctional Institution sometime

during the initial four months of this proceeding.[2] (D.I. 10) He is currently residing in

Baltimore, Maryland, and is being monitored by the Delaware Board of Parole until March 2016.

*Id.*

---

[2]Petitioner's physical release from prison does not moot the instant proceeding because he is challenging his criminal conviction and will suffer "collateral consequences" if his conviction is allowed to stand. *See Leyva v. Williams,* 504 F.3d 357, 363 (3d Cir. 2007).

3

## II.    SECOND OR SUCCESSIVE GATEKEEPING DOCTRINE

As a general rule, petitioners must bring their claims in one habeas action.  Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

The term "second or successive" is a "term of art," and does not simply refer to all § 2254 applications filed second or successively in time. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Slack v. McDaniel*, 529 U.S. 473, 486 (2000).  Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).  The second or successive determination is typically made with respect to the judgment being challenged in a habeas petition, and not with respect to the individual claims in the petition. *See Magwood v. Patterson*, 561 U.S. 320, 334-35 (2010).  However, there are narrow circumstances where a claim that was not presented in a prior petition may be presented in a second-in-time petition without prior authorization from a court of appeals, namely, where the claim was not ripe when the petitioner presented his first petition. *See Panetti*, 551 U.S. at 945-58; *Johnson v. Wynder*, 408 F. App'x 616, 619 (3d Cir. 2010).  In the Third Circuit, such unripe claims often include challenges to the administration of a sentence by a parole board

4

where the challenged conduct occurred after the filing of the earlier petition. *See, e.g., Benchoff*, 404 F.3d at 817-18.

## III.  DISCUSSION

In this proceeding, Petitioner asserts the following four grounds for relief:  (1) the Superior Court violated his right to be protected against double jeopardy by vacating his first degree kidnapping conviction post-trial and reducing it to a second degree kidnapping conviction; (2) the Superior Court lacked jurisdiction on post-conviction review to render a finding of guilt for second degree kidnapping and second degree conspiracy; (3) because his convictions for second degree kidnapping and second degree conspiracy were unlawful, Petitioner's legal sentence was only for eighteen years of imprisonment, demonstrating that his sentence had already expired when the Delaware Board of Parole attempted to reinstate it in May 2013; and (4) the Superior Court and Delaware Supreme Court consistently and erroneously applied the procedural bars of Delaware Superior Court Criminal Rule 61(i), thereby depriving Petitioner of his right to appeal and/or preventing him from obtaining review of his jurisdictional and miscarriage of justice claims.  (D.I. 2)

In his 1995 petition, Petitioner asserted three ineffective assistance of counsel claims, one claim contesting the legality of his 1991 resentencing to twenty-eight years of imprisonment, one claim contesting the constitutionality of the identifications that occurred in and out of court, and two claims contesting the legality of the court's post-trial reduction of his kidnapping conviction from first degree to second degree.  (D.I. 13, Ex. A)

To begin, the Court concurs with the State's conclusion that Claim Four does not present an issue cognizable on federal habeas review because it challenges the Delaware state courts'

refusal to grant Petitioner post-conviction relief under Delaware Superior Court Criminal Rule 61. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)(holding that the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding)(emphasis in original); *see also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief"). Thus, the Court will dismiss Claim Four for lack of jurisdiction because it fails to present a proper basis for federal habeas relief.

The Court further concludes that it lacks jurisdiction to consider the instant Petition because it is second or successive. First, the record demonstrates that Petitioner has already requested, and has been denied, federal habeas relief with respect to his 1986 convictions and subsequent reduction of his kidnapping and conspiracy convictions from first to second degree in 1988. Second, the underlying arguments in Claims One and Two were asserted in Petitioner's first petition. Even if Claims One and Two should be viewed as being slightly different from the two claims in Petitioner's first petition that challenged the reduction of his first degree kidnapping conviction to second degree kidnapping, the arguments asserted in Claims One and Two of the instant proceeding were available and could have been raised in Petitioner's first petition.

In turn, although Claim Three appears to assert a challenge to the Board of Parole's conduct that arguably did not become ripe until 2013, it actually challenges Petitioner's 1986 convictions and related twenty-eight year sentence. Distilled to its core, Claim Three contends

6

that Petitioner's "legal" sentence should have been for eighteen years, not twenty-eight years, because Petitioner was wrongfully convicted of second degree kidnapping and second degree conspiracy. Relying on this premise, Claim Three then asserts that Petitioner's sentence had already expired when the Board of Parole held on June 18, 2013 that Petitioner had violated the terms of his conditional release, meaning that there was nothing remaining in Petitioner's sentence for the Board of Parole to reinstate.

In short, Claim Three focuses on Petitioner's "lawful" convictions and the "legal" length of Petitioner's overall sentence. Petitioner's first habeas petition challenged the legality of the reduction of his first degree burglary conviction to second degree burglary and the legality of his reduced sentence. When viewed in conjunction with each other, it is evident that the factual predicate of Claim Three was available when Petitioner filed his first habeas petition. Indeed, he raised essentially the same grounds in the first petition. As a result, the Court concludes that Claim Three does not fall within the "ripeness" exception to the second or successive bar.

There is no indication that Petitioner obtained permission from the Third Circuit before filing the instant second or successive Petition. Accordingly, the Court will dismiss the Petition for lack of jurisdiction.

## IV.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid

7

claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

The Court has concluded that it lacks jurisdiction over the instant Petition. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV.    CONCLUSION

For the reasons discussed, the Court concludes that it must dismiss Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. An appropriate Order will be entered.